UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **VICTORIA C. SHEPPARD, PhD,** | ) | **CASE NO. 5: 15 CV 417** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **KENT STATE UNIVERSITY,** *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This is a removed *pro se* action, which all of the Defendants have moved to dismiss. (Doc. Nos. 4 and 5). For the reasons stated below, the Defendants' Motions to Dismiss are granted with respect to federal claims alleged in the Complaint and which form the basis of this Court's jurisdiction. The Court declines to exercise supplemental jurisdiction over the Plaintiff's remaining state-law claims.

Background

*Pro se* Plaintiff Victoria C. Sheppard filed the Complaint in the Portage County Court of Common Pleas alleging the following facts. The Plaintiff is an African American woman with an earned doctorate from the University of Akron, Department of Public Administration and Urban Studies. (Complt., ¶ 1.) After she unsuccessfully "applied for employment through Kent State University's online Human Resources web port **79 times**," she requested a meeting with Richard E. Serpe, the Chairman of the University's Department of Sociology. (*Id*.) She allegedly requested this meeting "to discuss her career" and to follow-up on the

vitae she had sent Serpe for "his consideration of her employment in the Department of Sociology" after "another Academic Chair had proposed Plaintiff's graduate school background and academic research was better suited to Sociology, as opposed to Public Administration." (*Id*. ¶¶ 1, 3.)

The Plaintiff alleges she met with Serpe on January 23, 2013, and that during this meeting, Serpe made racially and sexually inappropriate comments and unwelcome sexual gestures.

She alleges Serpe mentioned race many during the meeting, telling her: (1) that he was "a white man" and had a black brother-in-law, who he did not like at first but who was now his best friend; and (2) that he had just hired two black professors. She contends the later comment "indicated if [she] was **white** she could be considered because Serpe's two most recent hires at the professional level were black." (*Id*. ¶ 7.)

She also alleges Serpe inappropriately touched her feet during the meeting in an unwelcome manner and "used sexually explicit profanity repeatedly." (*Id*. ¶ 8.) The only specific sexual comments she alleges Serpe made, however, are that he leaned in close to her at the meeting so that no one else could hear and stated, "I f—ed up! I can f— up, you can't." He also allegedly stated to her, "I could hire you," and "you never know how things will end." (*Id*. ¶ 11.)

The Plaintiff alleges she was insulted and belittled by Serpe's comments and conduct and immediately filed a charge of discrimination with the Ohio Civil Rights Commission (OCRC). She alleges the OCRC Investigator who initially took her complaint on January 23, 2013, assured her that specific actions would be taken and stated to her, "I'm sorry this

happened to you. We can make them sit down with you and we can make them give you a job, and compensate you financially." (*Id*., ¶ 6.) However, the OCRC ultimately found "no probable cause" in her case. The lead investigator, Jeraldine Kavanaugh, telephoned the Plaintiff and informed her of the OCRC's decision on July 8, 2013. (*Id*.)

After Kent State declined the Plaintiff's subsequent offer to settle the matter for a sum of money sufficient to "set a precedent" as to the use of profane language and diversity, (*see id*. at ¶ 26), the Plaintiff filed this lawsuit, alleging the following six Counts: Race Discrimination in violation of Ohio Revised Code § 4112.02 (Count One); Sexual Discrimination in violation of Ohio Revised Code § 4112-5-05 (Count Two); "Sexual Harassment and Intimidation" (Count Three); Defamation and Impunment [sic] of Personal Integrity" (Count Four); Infliction of Emotional Distress (Count Five); and "Failure to Supervise & Control" Serpe (Count Six). Further, she generally alleges in the introductory "Jurisdiction and Venue" paragraph of her Complaint that her action "raises federal questions under the Fourteenth Amendment[] to the United States Constitution and 42 U.S.C. § 1983." (Complt., p. 1.) The Plaintiff names the following Defendants in the case: Serpe, Kent State, Kent State's Board of Trustees and its Associate Vice President & Deputy General Counsel David Ochmann, the Ohio Board of Regents, and the OCRC. She seeks $25 million in damages.

The Defendants removed the action to this Court on the basis that the Court has original jurisdiction over the Plaintiff's "federal law claims." (Notice of Removal, p. 3, ¶ 4.)

**Standard of Review**

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state

claim on which relief may be granted. All factual allegations in the complaint must be presumed true and all reasonable inferences drawn in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). To survive a motion to dismiss, a complaint "must present 'enough facts to state claim to relief that is plausible on its face.'" *Id.*, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although pleadings filed by *pro se* litigants are "liberally construed" and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "the lenient treatment generally accorded *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Even a *pro se* complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" to survive dismissal. *Barnett v. Luttrell*, 414 Fed. App'x 784, 786 (6th Cir. 2011).

### Discussion and Analysis

All of the Defendants contend the plaintiff has failed to allege plausible federal civil rights claims against them under Section 1983. The Court agrees.

In order to state a claim under Section 1983, the Plaintiff must plead and prove that she was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under color of state law. *Weberg v. Franks*, 229 F.3d 514, 522 (6th Cir. 2000).

It is well-established that States and agencies and instrumentalities of the State, including public universities and their boards of trustees, are not "persons" subject to suit under Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Russell v. University of Toledo*, 537 F.3d 596 (6th Cir. 2008). Accordingly, the Plaintiff has not

alleged plausible Section 1983 claims against Kent State, its Board of Trustees, the OCRC, or the Ohio Board of Regents – which are all agencies or instrumentalities of the State of Ohio.

The Plaintiff has also not alleged a plausible Section 1983 claim against Defendant David Ochmann. The Plaintiff sues Ochmann in his "official capacity" as Associate Vice President and Deputy General Counsel of Kent State. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 71 (internal citation omitted). Accordingly, whatever the Plaintiff's allegations against Defendant Ochmann are, he is not a person subject to liability under Section 1983.

Further, the Plaintiff's allegations are insufficient to support plausible claims under Section 1983 against Serpe for race or sex discrimination or harassment.

To establish an equal protection claim against a public employer for race discrimination under the Fourteenth Amendment, a plaintiff has the burden of showing that the defendant made an adverse employment decision with "discriminatory intent and purpose." *Weberg*, 229 F.3d at 522; *Machisa v. Columbus City Board of Education*, 563 Fed. App'x 458, 463 (6th Cir. 2014) ("[R]acially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.").

The Plaintiff purports to attribute racially-discriminatory intent and purpose to Serpe solely on the basis of statements she alleges he made during her informational meeting with him that is white but has a black best friend and that he could not hire the Plaintiff because he just hired two black professors. The Court, simply, does not find these statements, even if they were made, sufficient to support a reasonable inference that Serpe acted with "racially

discriminatory intent or purpose" toward the Plaintiff as is required to make out an equal protection claim.  *See, e.g., Agrawal v. Montemagno*, 574 Fed. Appx. 570 (6th Cir. 2014) (finding official's comments about "cultural differences" in education and development of graduate students insufficient to constitute direct evidence of discrimination); *Machisa*, 563 Fed. App'x 458 (isolated comment about the "interesting" speech pattern of an African American of Nigerian insufficient to support a plausible inference of race discrimination). Accordingly, the Court finds the Plaintiff's Complaint fails to allege a plausible claim against Serpe for race discrimination under the Fourteenth Amendment and Section 1983.

The Court likewise does not find that the Plaintiff's Complaint alleges a plausible claim under Section 1983 for sex discrimination or harassment.

As noted by the Sixth Circuit, federal law recognizes two forms of workplace sexual harassment:  (1) "quid pro quo" sexual harassment, in which a supervisor requests sexual favors in exchange for job benefits; and (2) "hostile work environment" harassment, in which a pervasive atmosphere of sexual harassment creates an objectively hostile work environment. *Stevens v. Saint Elizabeth Med. Ctr.*, 533 Fed. App'x 624, 628 (6th Cir. 2013).  The Plaintiff's allegations are insufficient to allege a plausible claim of either form of sexual harassment.

To state a claim of *quid pro quo* harassment, a plaintiff must demonstrate (among other elements) that she was subjected to unwanted sexual advances or requests for sexual favors and that her submission to such advances or requests was "an express or implied condition" for receiving a job benefit.  *See Kauffman v. Allied Signal, Inc., Autolite Div.*, 970 F.2d 178, 186 (6th Cir. 1992).  The Plaintiff's allegations of sexual discrimination and harassment in this case consist only of her vague allegations that Serpe "inappropriately

touched her feet" during the meeting and stated to her that he "f—ed up," "could hire" her, and "you never know how things will end." The Court does not find these allegations sufficient to support a plausible claim of *quid pro quo* sexual harassment. The Court does not find the Plaintiff's allegations sufficient to support either a plausible inference that Serpe subjected the Plaintiff to unwanted "sexual" advances or requests for sexual favors, **or**, even if it could be said that Serpe subjected the Plaintiff to unwelcome sexual advances by "touching her feet" during the meeting, that Serpe conditioned some job benefit (such as hiring the Plaintiff at Kent State) on the Plaintiff's submission to this vague sexual advance. The Plaintiff's allegations simply do not support a plausible inference that Serpe requested sexual favors in exchange for a job benefit.

To establish sexual harassment based on a hostile work environment, a plaintiff must show that she is the member of a protected class, was subjected to unwelcome harassment, the harassment was based on her gender, and that the harassment affected a term, condition, or privilege of employment. *Michael v. Caterpillar Fin. Services Corp.*, 496 F.3d 584, 600 (6th Cir. 2007). The Supreme Court has made clear that conduct must be extreme to create a hostile work environment. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). Thus, as the Sixth Circuit has recognized, conduct that is "merely offensive is not actionable," and "more than words that simply have sexual content or connotations" is required. *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 333 (6th Cir. 2008). Rather, the plaintiff must allege facts showing that the workplace was "permeated with discriminatory intimidation, ridicule or insult sufficiently severe to alter the conditions of employment" in light of all of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it

is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.*

The Court finds the Plaintiff's allegations that Serpe inappropriately touched her feet during an informational meeting, and made vague comments to her which she interprets as being of an inappropriate sexual nature, insufficient to allege the kind of actionable conduct required to make out a threshold "hostile work environment" harassment claim. Accordingly, the Plaintiff has not alleged a viable hostile work environment claim under Section 1983.

## Conclusion

For all of the reasons stated above, the Plaintiff has failed to allege a plausible federal civil rights claim under Section 1983 against any Defendant in the case. Accordingly, the Defendants' Motion to Dismiss are granted with respect to the Plaintiff's federal Section 1983 claims.

Given the dismissal of the Plaintiff's federal claims at this early stage, the Court declines to exercise supplemental jurisdiction over the Plaintiff's remaining state-law claims, which are better resolved by the Ohio courts. *See Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–1255 (6th Cir.1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed."). Accordingly, the Plaintiff's state-law claims will be remanded to State Court.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
Dated:  August 11, 2015  **United States District Judge**